## SHAMBAUGH v. WILLARD.
### No. 2625.

Court of Civil Appeals of Texas. El Paso.
Feb. 4, 1932.

Rehearing Denied Feb. 18, 1932.

W. H. Graham, of Houston, for appellant.
Bryan & Bryan, of Houston, for appellee.

HIGGINS, J.

Willard sued Shambaugh to recover damages for breach of an alleged oral contract whereby the defendant agreed to sell to the plaintiff at $94.50 certain bonds of the city of Beaumont of the par value of $15,000, and of certain maturity dates.

Upon special issues the jury found that the contract was made as alleged and fixed the market value of the bonds at $96.50. Upon these and other findings not necessary to state in detail judgment was rendered in plaintiff's favor for $300.

Whether the contract alleged was made was a sharply contested issue. The defendant contended that at the meeting of the parties on June 25th, when the contract is claimed to have been entered into, the plaintiff only offered $94 and defendant demanded $94.50. As to other details not necessary to state, it was further contended that the parties did not agree. In brief, the defense was that the minds of the parties never met upon the price to be paid and other material matters. The plaintiff's oral testimony established a meeting of the minds and contract as alleged and upon these issues the jury found in plaintiff's favor.

Over objection plaintiff introduced in evidence a letter dated June 27, 1930, written by him to defendant, which reads:

"This is to confirm the purchase from you the par value of $15,000 of the city of Beaumont, Texas, Direct Obligation 4½% Bonds at 94½ and accrued interest due $1,000 1937 and $2,000 each year 1938 to 1944 inclusive.

"Kindly deliver these bonds to the Collection Department of the Second National Bank. Accompanying these bonds must be a satisfactory legal opinion.

"If you have not the final opinion at hand today of Clay Dillon and Van DeWater, kindly order same to be delivered to you at the earliest possible date so that the bonds can be payed for.

"I have given instructions by today's mail to the Second National Bank to deliver and collect for same from Houston Customer.

"If you are not able to deliver these bonds with the legal opinion, deliver the bonds with the opinion you have at the present and let them remain with the Collection Department until you have received the final opinion from New York and the bonds will be payed for.

"Acknowledge receipt of the letter and oblige."

This letter was not answered by defendant. It was neither alleged nor proven that defendant agreed to the terms of the letter. The petition declares upon an oral contract made June 25th, two days before the date of the letter. The statements contained in the letter were self-serving upon the vital issues in the case and it was improperly admitted in evidence because of its self-serving nature. Leach & Co. v. Peirson, 275 U. S. 120, 48 S. Ct. 57, 72 L. Ed. 194, 55 A. L. R. 457; Columbia Malting Co. v. Clausen-Flanagan Corporation (C. C. A.) 3 F.(2d) 547.

■ In response to the sixth issue, the jury found that the reasonable market value of the bonds at Houston on June 25, 1930, was $96.50.

To the submission of this issue defendant objected that it did not submit the correct measure of damages. The plaintiff pleaded he had contracted to sell the bonds at $96.50, which was the market value thereof. His evidence shows that to be the market value, but it also shows he had in writing contracted to sell the bonds to De Witt C. Dunn & Co., at the rate of $95.60, who was ready, willing, and able to comply with such contract.

The measure of damages for civil injury is that amount which will compensate the injured person for his actual injury. For breach of contract the law allows only compensation for the actual loss sustained. See cases cited in 5 Michie Digest, 903. Under the pleadings and evidence in this case the plaintiff's measure of damages was the difference between $95.60 and $94.50 per $100.

For the errors indicated the judgment will be reversed. In view of retrial we will briefly indicate our views respecting other questions presented.

The second issue is subject to the objection that it submitted a mixed question of law and fact. It frequently happens that an issue is necessarily of that nature but this issue is not of that nature. The error here is not reversible, for defendant does not deny he failed to deliver the bonds. That was not a contested issue. His defense is that he did not make the contract pleaded by plaintiff.

■■ Error is assigned to the overruling of a general demurrer to the petition. The petition declared upon an oral contract wholly executory. It was necessary to plead and prove a consideration therefor. The plaintiff's evidence shows that he agreed to buy the bonds and his promise so to do shows a consideration. The petition does not directly allege any promise to purchase, but considering the same as a whole and indulging all reasonable intendments in its favor, it is perhaps not subject to the objection that it did not allege a consideration. From general allegations in the petition a promise to purchase perhaps may reasonably be inferred. The possible defect may be cured by amendment.

Special exceptions Nos. 1, 2, 3, and 5, should have been sustained, though the error in overruling same is probably not reversible.

The controverted issue of fact indicated by defendant's requested issue No. 4 should be submitted in a proper form.

Reversed and remanded.